UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SLAINTE BARS LLC,<br><br>　　　　　　Defendant. | Case No.  21-cv-03750-JSC<br><br>**ORDER TO SHOW CAUSE TO PLAINTIFF WHY CASE SHOULD NOT BE DISMISSED** |

　　　　Brian Whitaker filed this action against Slainte Bars on May 19, 2021, alleging violations of (1) the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., and (2) the Unruh Civil Rights Act, Cal. Civ. Code § 51-53, based on Slainte Bars' failure to accommodate his disability. (Dkt. No. 1.)  Defendant moved to dismiss on the grounds that Mr. Whitaker lacks Article III standing to pursue his ADA claim. (Dkt. No. 11.)  While that motion was stayed pending an evidentiary hearing on another case involving Mr. Whitaker (Dkt. No. 21), Plaintiff filed a notice of settlement and asked that all dates be vacated.  (Dkt. No. 22.)  Approximately two months later, Plaintiff filed a stipulation asking that the deadline for the joint site inspection be continued; the stipulation made no mention of the settlement. (Dkt. No. 26.)  Accordingly, the Court denied the stipulation and conditionally dismissed the case in light of the parties' previous representation of having agreed to a settlement.  (Dkt. No. 28.) Plaintiff subsequently filed a stipulation to reopen the case, on the grounds that there was no final settlement.  The Court reopened the case and scheduled a case management conference. (Dkt. No. 31.)

　　　　At the case management conference held on December 16, 2021, the Court held that it must hold an evidentiary hearing to resolve Defendant's factual challenge to Mr. Whitaker's Article III standing to pursue his ADA injunctive relief claim, and scheduled the hearing for

February 7, 2022.  (Dkt. No. 34.)   The Court also scheduled a pre-evidentiary hearing proceeding for January 27, 2022. (Dkt. Nos. 34, 35.)  Plaintiff failed to appear at the pre-evidentiary hearing on January 27, 2022 and has not otherwise communicated with the Court regarding his non-appearance.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE as to why this action should not be dismissed for failure to prosecute given his non-appearance at the January 27, 2022 pre-evidentiary hearing.  *See* Fed. R. Civ. Pro. 41(b)**.  Plaintiff shall show cause in writing by January 31, 2022** why this action should not be dismissed.  Failure to timely respond may result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated: January 27, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge